# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00295-RM

BROOKSTONE CAPITAL MANAGEMENT, LLC,
and DEAN ZAYED

Petitioners,

v.

SWAN GLOBAL INVESTMENTS, LLC,

Respondent.

---

## MOTION TO DISMISS PETITION TO CONFIRM PHASE 1 AWARD PURSUANT TO FED. R. CIV. P. 12(b)(1)

---

Petitioners seek confirmation of an interlocutory, Phase 1 Arbitration Award that is not ripe for judicial review. The parties are currently in the midst of Phase 2 of the arbitration, and the arbitration panel will issue its final arbitration award in Fall of 2018. At that time, if necessary, the parties can petition this Court to confirm, vacate, or modify the final arbitration award, including the relief awarded in Phase 1. To do so at this time, however, in the middle of the proceedings, is improper.

First, this Court lacks jurisdiction to hear Petitioners' Motion to Confirm. Supreme Court precedent dictates that interlocutory arbitration awards are not ripe and cannot be reviewed in federal court unless, absent immediate review, Petitioners will suffer imminent, cognizable hardship. Petitioners face no such hardship in this case.

Second, regardless of potential hardship, the Tenth Circuit's interpretation of the Federal Arbitration Act ("FAA") does not authorize review of the Phase 1 Award because the Award does not fully and finally resolve all claims submitted to arbitration.

Third, in line with Supreme Court and Tenth Circuit precedent, the public policy underlying the FAA does not support interlocutory review of the Phase 1 Award.  Piecemeal judicial review of arbitration proceedings undermines the purpose of arbitration:  simple, efficient, and cost-effective resolution of party disputes outside the court system.

For each of these reasons, the Petition to Confirm is premature and should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**Statement of Compliance with Civil Practice Standard IV.M.2**

Before filing the Petition to Confirm, Petitioners' counsel asked the arbitration panel to require payment of the Phase 1 Award before proceeding with Phase 2, and the arbitration panel denied that request.  As reflected in the Petition to Confirm [ECF No. 1, Petition to Confirm, 3 n.3, 9], Swan at that time told Petitioners that Swan would oppose a request to confirm the interlocutory Phase 1 Award as premature while the arbitration was ongoing, and that judicial confirmation proceedings, if necessary, would be appropriate at the conclusion of the arbitration. Petitioners nevertheless initiated this action.

Because the Petition is not ripe for judicial review and interlocutory review is not authorized by the FAA in this case, this Court does not have jurisdiction.  Accordingly, the Petition to Confirm cannot be cured by filing an amended pleading.

## Background

Swan Global Investments, LLC ("Swan") filed a Demand for Arbitration with the American Arbitration Association ("AAA") on November 11, 2016, alleging that (1) Petitioners failed to pay management fees due under an Advisor-Manger Agreement ("Agreement") between the parties, and (2) Petitioners breached a Confidentiality/Non-Compete provision in the Agreement.  [ECF No. 3, Phase 1 Award, 1-2]  Petitioners filed Counterclaims on November 28, 2016, including a claim for breach of the Agreement and several equitable and tort claims.  *Id*.  At a preliminary hearing on February 9, 2017, both parties agreed to bifurcate the proceedings: Phase 1 would resolve Swan's claim for failure to pay management fees and all of Petitioners' counterclaims; Phase 2, in turn, would address Swan's claim for breach of the Confidentiality/Non-Compete provision.  *Id*.  The parties never agreed to, and indeed never contemplated, interlocutory judicial review of the Phase 1 Award.

The arbitration panel issued its Phase 1 Award on January 24, 2018.  *Id*.

On January 29, 2018, during a telephone conference with the arbitration panel to discuss Phase 2, Petitioners' counsel asked that the panel postpone Phase 2 until Swan paid the Phase 1 Award.  [ECF No. 1, 3 n.3]  The panel rejected Petitioners' request.  Then, with the parties' mutual consent, the panel scheduled the Phase 2 hearing for October 8-12, 2018.  [ECF No. 1, 3 n.2] Under AAA Rules, the arbitration panel will issue its Phase 2 Award resolving all issues in the arbitration by November 11, 2018.  AAA Commercial Rule 45 ("The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 calendar days from the date of closing the hearing.").

**Analysis**

As explained below, first and foremost, this Court lacks jurisdiction to grant Petitioners' request for interim relief as it is not constitutionally ripe for judicial review.  Moreover, even if the Phase 1 Award were constitutionally ripe, the FAA, as interpreted by the Tenth Circuit, does not authorize judicial review because the Phase 1 Award does not fully and finally resolve the claims submitted to arbitration.  Finally, and no less important, unnecessary interlocutory review of arbitration awards, such as that requested here, is inconsistent with the FAA's purpose.

**I.      The Phase 1 Award is Not Ripe for Review**

The Supreme Court established in *Stolt-Nielson S.A. v. AnimalFeeds International Corp.* that a federal court must determine whether an interlocutory arbitration award is ripe for judicial review before taking jurisdiction over confirmation proceedings.  130 S. Ct. 1758, 1767 n.2 (2010); *see also Savers Property and Cas. Ins. Co. v. National Union Fire Ins. Co.*, 748 F.3d 708, 722 (6th Cir. 2014) ("ripeness is a necessary condition to confirming or vacating an interlocutory arbitral ruling . . ."); *Jones v. TitleMax of Missouri, Inc.*, 2017 WL 2556965, *2 (E.D. Mo. June 12, 2017) ("In addition to being final, the United States Supreme Court held that an interlocutory arbitration award must be ripe for judicial review.").  The Phase 1 Award in this case is not ripe for review, and the Petition to Confirm that award therefore must be dismissed.

As the Supreme Court explained in *Stolt-Nielsen*, "ripeness reflects constitutional considerations that implicate Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction." *Stolt-Nielsen*, 130 S. Ct. at 1767 n.2 (internal quotations omitted); *see also Southern Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1157 (10th Cir. 2013) (same). If a claim is unripe, federal courts lack subject matter jurisdiction and

the complaint must be dismissed.  "In evaluating a claim to determine whether it is ripe for judicial review, we consider both the fitness of the issues for judicial decision and the hardship of withholding court consideration."  *Id.*; *see also Southern Utah*, 707 F.3d at 1158 (same).

The Tenth Circuit has not yet confronted a petition for interlocutory review of an arbitration award post-*Stolt-Nielson*.  Courts that have, however, focused primarily on whether the petitioner could demonstrate significant hardship if judicial review was postponed until the arbitration concluded.  *See, e.g.*, *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 623 F.3d 348, 354 n.3 (6th Cir. 2010) ("we note . . . that *Stolt-Nielson* confirms that judicial review of an interim arbitration award is available only if ripeness is established through the requisite showing of hardship."); *Jones*, 2017 WL 2556965  at *3 (the Court finds that the partial award is not ripe for judicial review because TitleMax did not, and cannot, establish any viable hardship it would suffer if the Court declined review of the arbitrator's partial award.").   For example, in *Dealer Computer Services*, the Sixth Circuit upheld the district court's determination that a "Partial Final Class Determination Award" was not ripe for judicial review because petitioner would have the opportunity to confirm the interim award after the arbitration concluded:  "DCS has neither argued nor cited any authority for the proposition that judicial review of the final award would not afford opportunity for review of earlier issued interim awards integral to the final award.  DCS has thus failed to show that withholding of judicial review of the arbitration panel's favorable class determination award at this stage poses any imminent risk of cognizable harm in this case."  *Id.* at 357-358.

Similarly here, Petitioners are not at any imminent risk of cognizable harm should this Court decline to immediately review the Phase 1 Award.  Within approximately eight months,

5

the parties will present the Phase 2 facts, the entire arbitration will conclude, and the arbitration panel will issue its final award resolving all issues. No harm could befall Petitioners within such a short period of time. Moreover, the Phase 1 Award provides for post-judgment interest, so Petitioners will suffer no financial prejudice from the delay. Finally, and if necessary, the parties may seek judicial review of the final arbitration award, including the relief awarded in Phase 1, by the end of 2018. Because Petitioners will not suffer meaningful hardship, the Phase 1 Award is not ripe for review and the Petition to Confirm that Award should be dismissed.

**II.     The FAA Does Not Authorize Judicial Review of the Phase 1 Award**

Even if the Phase 1 Award were "ripe" for review under *Stolt-Nielson*—which it is not— the FAA does not authorize interlocutory review of the Phase 1 Award.

> The FAA . . . contemplate[s] only two stages at which courts may become involved in arbitration proceedings. At the outset of any dispute, the laws authorize courts to decide certain gateway matters of arbitrability, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy. Then, at the conclusion of an arbitration proceeding, courts are authorized to enter an order confirming, vacating, or modifying the award, but even so, awards may be disrupted only under narrow circumstances.
>
> Between these two stages, however, the laws are largely silent with respect to judicial review. Over the years, our court and several of our sister circuits have interpreted that silence and the overall structure of the FAA to preclude the interlocutory review of arbitration proceedings and decisions."

*Savers Property*, 748 F.3d at 717-18 (internal citations and quotations omitted). In short, as Judge Easterbrook succinctly stated, "Review comes at the beginning or the end, but not in the middle" of arbitration. *Blue Cross Blue Shield of Mass., Inc. v. BCS Ins. Co.*, 671 F.3d 635, 638 (7th Cir. 2011).

Although interlocutory appeal has always been disfavored, before the Supreme Court shifted the focus to ripeness and hardship in *Stolt-Nielson*, a few federal circuits (not including

6

the Tenth Circuit) permitted judicial review of interlocutory arbitration awards under specific circumstances.  Justice Ginsberg described this circuit split in her dissenting opinion in *Stolt-Neilson*:

> Lacking this Court's definitive guidance, some Courts of Appeals have reviewed arbitration awards 'finally and definitely dispos[ing] of a separate independent claim.' Others have considered 'partial award[s]' that finally 'determin[e] liability, but . . . not . . . damages.' Another confirmed an interim ruling on a 'separate, discrete, independent, severable issue' . . . [1]
>
> Receptivity to review of preliminary rulings rendered by arbitrators, however, is hardly universal . . .

130 S.Ct. at 1779 (internal citations omitted).  Circuits permitting interlocutory appeal generally do so only because either it is authorized by some law other than the FAA or the parties themselves agreed to permit interlocutory judicial appeal; absent party consent, the FAA does not authorize interlocutory appeal.  *See Savers*, 748 F.3d at 722 ("[R]ipeness alone is not a sufficient condition for interlocutory judicial review of arbitral decisions. Absent express or implied consent in the underlying agreement to arbitrate, federal courts may not graft a provision for interlocutory judicial review onto the otherwise straight-forward regime contemplated by the FAA.").

The Tenth Circuit, however, has generally rejected the position that parties can expand the court's authority to review under the FAA even where the parties agree to do so.  In *Bowen v. Amoco Pipeline Co.*, the Tenth Circuit addressed the question of whether the parties could agree

---

[1] The 38-year-old, pre-*Stolt-Neilson* district court decision Petitioners cite for the proposition that an interlocutory arbitration award "may be confirmed notwithstanding the absence of an award that finally disposes of all the claims that were submitted to arbitration" follows this line of cases.  *See* ECF No. 1, Petition to Confirm, 9 (quoting *Eurolines Shipping Co. v. Metal Transp. Corp.*, 491 F.Supp. 590, 591-92 (S.D.N.Y. 1980)).  The Petition miscites *Eurolines* as 494 F.Supp. 590.  As explained in this section, the Tenth Circuit has never adopted *Eurolines'* holding and, indeed, it is inconsistent with Tenth Circuit precedent.

to expand the scope of judicial review of an arbitration award to allow the District Court to vacate an award that was "not supported by the evidence."  254 F.3d 925, 933 (10th Cir. 2001).  Although the Tenth Circuit acknowledged that other circuits that had addressed such voluntary expansion had upheld it, the Tenth Circuit charted a different course:

> We disagree . . . with the Fifth and Ninth Circuits' conclusion that the Supreme Court precedent emphasizing the FAA's primary purpose compels enforcement of contractual modifications of judicial review. Although the Court has emphasized that parties may 'specify by contract the rules under which [ ] arbitration will be conducted,' it has never said parties are free to interfere with the judicial process . . . parties may determine by contract what issues to arbitrate and what rules will govern arbitration, but no authority clearly allows private parties to determine how federal courts review arbitration awards.

*Id*. at 934 (internal citations omitted).  After explaining how expanding the scope of judicial review would undermine the desire for "simplicity, informality, and expedition of arbitration" reflected in the FAA's narrow judicial review standards, the Tenth Circuit determined "that parties may not contract for expanded judicial review of arbitration awards."  *Id*. at 936-37.

In light of this precedent, it is unsurprising that decisions in this District have drawn a firm line requiring that arbitration awards fully resolve all issues submitted to arbitration before engaging in judicial review.  For example, in *Fisher v. Lockheed Martin Corp.,* Judge Daniel denied a Motion to Confirm an Arbitration Award where the Award resolved all claims and awarded damages, but stated that the final award was "subject to any modification in the amount that might be necessary in the event the District Court grants all or any part of the relief sought in Defendant's Motion for Reconsideration."  2010 WL 3516639, *2 (D. Colo. Sept. 1, 2010).  Noting that, under the FAA, "[t]he arbitrator must 'resolve *all* issues submitted to the arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award,'" Judge Daniel determined that the award was not sufficiently

8

final to sustain judicial review.  *Id.* at *1-*2 (*quoting Gas Aggregation Services, Inc. v. Howard Avista Energy, LLC*, 319 F.3d 1060, 1069 (8th Cir.2003) (emphasis added); *see also Fisher v. Gen. Steel Domestic Sales, LLC.*, 2011 WL 5240372 (D. Colo. Oct. 31, 2011) (same).  Accordingly, Judge Daniel remanded the Award back to the arbitrator until the arbitrator issued a "mutual, final, and definite award."  *Id*. at *3.

The Phase 1 Award in this case similarly does not satisfy the FAA's requirement of a final award resolving all issues submitted to arbitration.  The Phase 2 claims remain pending.  In consenting to bifurcation of the arbitration, the parties did not consent to interlocutory appeal of the Phase 1 Award.  *See Peabody Holding Co., LLC v. United Mine Workers of America*, 815 F.3d 154, 161 (4th Cir. 2016) ("That the parties agreed to bifurcate their arbitration proceedings does not change the fact that they also agreed to submit the entire dispute—both the liability and remedies questions—to arbitration . . . There is nothing unjust about a decision to withhold review until the arbitrator has completed both segments of the whole task that was given to him.").  And even if they had consented to interlocutory appeal, unlike some other circuits, the Tenth Circuit's decision in *Bowen* holds that they parties cannot expand the scope of judicial review available under the FAA by agreement.  Because neither the FAA nor any other law authorizes the interlocutory review Petitioners seek, the Petition should be dismissed.

## III.     Judicial Review of the Phase 1 Award is Not Consistent with Public Policy

Finally, in accord with the Supreme Court's ripeness requirements and the Tenth Circuit's interpretation of the FAA, unnecessary interlocutory review of arbitration awards is inconsistent with the FAA's purpose:  namely, supporting arbitration as an inexpensive and efficient means to resolve disputes outside the court system.

As the Tenth Circuit stated in *Bowen*, "the FAA's narrow [review] standards reflect the Supreme Court's well-established view of the relationship between arbitration and judicial review: '[B]y agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'" 253 F.3d at 935 (*quoting Gilmer v. Interstate/Johnson Lane Corp.*, 111 S.Ct. 1647 (1991)).  Numerous courts have acknowledged that interlocutory appeal of arbitration awards is inconsistent with that purpose.  *See*, *e.g.*, *Savers*, 748 F.3d at 718 ("there are sound policy reasons—all of which support the purposes underlying the FAA—for generally withholding judicial review until the conclusion of an arbitration proceeding") (collecting cases).  As Judge Feinberg explained in dissenting from the Second Circuit's pre-*Stolt-Nielson* decision allowing interlocutory review of "separate and independent" claims:

> Just as piecemeal review disrupts and delays ongoing litigation in the courts, confirmation of partial awards will inevitably interrupt and extend arbitration proceedings. It will make arbitration more like litigation, a result not to be desired. It would be better to minimize the number of occasions the parties to arbitration can come to court; on the whole, this benefits the parties, the arbitration process and the courts.

*Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 285 (2nd Cir. 1986) (internal citations omitted).

In short, interlocutory judicial review undermines the very purpose of arbitration by introducing unnecessary complexity and formality, reducing efficiency, and increasing expense. Interlocutory judicial review therefore should not be permitted unless necessary.  And interlocutory review of the Phase 1 Award in this case is, of course, not necessary given that the arbitration will be concluded and a final award will issue within the calendar year.

## Conclusion

The Petition to Confirm the Phase 1 Award is unnecessary and premature, and should be dismissed. It is not ripe for review under Supreme Court precedent because Petitioners face no imminent risk of cognizable hardship. Moreover, even if they did face hardship and the claim was constitutionally ripe, interlocutory appeal is not authorized under the FAA as interpreted and applied by in the Tenth Circuit. Finally, granting Petitioners' request for interlocutory review would undermine the goals that encouraged the parties to agree to arbitration in the first place: simple, informal, and efficient resolution of their disputes.

Accordingly, Swan respectfully requests that this Court dismiss the Petition to Confirm. If necessary, Petitioners can seek judicial confirmation after the arbitration panel issues its final decision in the Fall of 2018.

Dated: February 28, 2018                             Respectfully submitted,

*s/ Robert C. Blume*
Robert C. Blume
M. Scott Campbell
GIBSON DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, Colorado 80202-2642
Telephone:   303.298.5700
Facsimile:   303.313.2846
Email: RBlume@gibsondunn.com
Email: SCampbell@gibsondunn.com

*Counsel for Respondent Swan Global Investments, LLC*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on February 28, 2018, I electronically filed the foregoing Motion to Dismiss Petition to Confirm Phase 1 Award Pursuant to Fed. R. Civ. P. 12(b)(1) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kevin D. Evans
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, CO 80237
720-200-0676
kdevans@armstrongteasdale.com

Henry M. Baskerville
Fortis Law Partners LLC
1900 Wazee Street, Suite 300
Denver, CO 80202
303-295-9700
hbaskerville@fortislawpartners.com

/s/ *Erin Mumford*
Erin Mumford