IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00295-RM-MJW

**BROOKSTONE CAPITAL MANAGEMENT, LLC and
DEAN ZAYED,**

    Petitioners,

*v.*

**SWAN GLOBAL INVESTMENTS, LLC,**

    Respondent.

---

**PETITIONERS' RESPONSE TO ORDER TO SHOW CAUSE**

---

The Court has ordered Brookstone Capital Management, LLC and Dean Zayed ("Petitioners") and Swan Global Investments, LLC ("Respondent") to show cause as to why Respondent's Motion To Dismiss the Petition should not be denied as moot and why this case should not be dismissed. (ECF #28). For the reasons discussed below, Petitioners agree that Respondent's Motion To Dismiss is moot and should be denied. However, this case should not be dismissed as Respondent has concocted an artificial interpretation of the Final Award and has misstated the law in an effort to avoid paying all Respondent owes Petitioners.

**I.    RESPONDENT'S MOTION TO DISMISS SHOULD BE DENIED**

This matter commenced upon Petitioners' filing of the Petition To Confirm Final Arbitration Award. (ECF #1). Respondent moved to dismiss the Petition on the insupportable ground that the Final Award for Phase 1 was not a final award, and that confirmation therefore was premature, because the parties were continuing to arbitrate Respondent's other unrelated and distinct claims as part of Phase 2. (ECF #17). As the Court observed in its Order To Show Cause, Phase 2 of the arbitration is now complete and the basis for Respondent's motion to

dismiss no longer exists. (ECF #28 at 2). Accordingly, Petitioners' agree that Respondent's motion should be denied.

## II. THIS CASE SHOULD NOT BE DISMISSED AS THERE REMAINS A DISPUTE AS TO THE AMOUNT RESPONDENT IS OBLIGATED TO PAY PETITIONERS UNDER THE FINAL AWARD FOR PHASE 1

The Court also has asked the parties to show cause as to why this matter as a whole should not be dismissed. While Respondent has paid a large portion of what it owes to Petitioners under the Final Award for Phase 1, substantial amounts still remain owed to Petitioners. Respondent has concocted and posits an insupportable argument in an effort to lessen the amount it owes Petitioners, and this Court needs to resolve that dispute.

As explained in the parties' Joint Statement On The Status Of Phase 2, both phases of the arbitration between the parties are now complete and the Panel has issued final arbitration awards. (*See* ECF #27 at 2). The amount awarded to Petitioners in Phase 1 vastly exceeded the amount awarded to Respondent in Phase 2, resulting in a net amount owed to Petitioners of approximately $1,567,000. While Respondent has paid $1,500,000, a significant amount still remains owed to Petitioners.

The $67,000 in dispute consists of two items that the Panel awarded to Petitioners in the Phase 1 award. The first item relates to the amount of post-judgment interest owed by Respondent. The Phase 1 award granted Petitioners damages resulting from Respondent's breach of the Manager-Advisor Agreement, as well as pre-judgment interest on that amount, resulting in a consequential damages judgment of $771,923. (*See* ECF #1 ¶ 20; ECF #3 at 12). Petitioners also were awarded their attorneys' fees and costs, totaling $942,978. (*See id.*). The Phase 1 award also granted Petitioners simple post-judgment interest of 8%; Petitioners therefore calculated post-judgment interest as 8% per annum on the $771,923 of consequential damages awarded, beginning from the date of Phase 1 award. (*See id.*).

Respondent disputes Petitioners' method of calculating interest, arguing that the amount on which post-judgment interest is calculated should not include pre-judgment interest. Respondent's argument has no basis in either the language of the Phase 1 award or Colorado law. *See* C.R.S. 5-12-102. The parties have submitted this issue to the Panel for clarification before pursuing further efforts in this Court.[1]

The second item in dispute is the approximately $45,000 Petitioners have incurred in seeking to collect on the Phase 1 award. The Phase 1 award expressly granted Petitioners such collections costs. After Respondent refused to pay the amounts awarded by the Panel in the Final Award for Phase 1, Petitioners were forced to seek confirmation of the award in order to pursue collection. In seeking to enforce the Phase 1 award, Petitioners incurred attorneys' fees and costs in connection with these award confirmation proceedings, which included preparing the Petition, responding to Respondent's motion to dismiss, and responding to Respondent's objections to Magistrate Judge Watanabe's Report And Recommendation. Respondent has been provided documentation supporting Petitioners' demand for those expenses. Nevertheless, Petitioners baldly claim, with no effort to identify any specific time entry (and despite the fact that Respondent sought over $1.1 million in attorneys' fees and costs on a less than $95,000 award in Phase 2), that the amount Petitioners demand is "unreasonable."

Because a real possibility remains that Respondent will refuse to pay the remaining amounts that it owes Petitioners under the Final Award for Phase 1, Petitioners would have no other option but to continue to pursue confirmation of that award and the entry of an enforceable judgment. For this reason, the Court should not dismiss this action.

---

[1] Petitioners note that Respondent has employed a sitting federal magistrate judge for the District of Colorado, who presently is representing them in the effort to seek clarification from the AAA, despite the fact that this related matter is pending before this Court. We have questioned the propriety of that representation.

## **CONCLUSION**

For the foregoing reasons, Petitioners request that the Court: (1) deny Respondent's motion to dismiss; and (2) decline to dismiss this case unless and until Respondent pays all remaining amounts owed Petitioners under the Final Award for Phase 1.

Respectfully submitted**,**

Date:  March 25, 2019          By:     */s/ Kevin D. Evans*
                                       Kevin D. Evans
                                       ARMSTRONG TEASDALE LLP
                                       4643 South Ulster Street, Suite 800
                                       Denver, CO 80237
                                       Telephone:  (720) 200-0676
                                       Facsimile:   (720) 200-0679
                                       kdevans@armstrongteasdale.com

                                       and

                                       Henry M. Baskerville
                                       FORTIS LAW PARTNERS, LLC
                                       1900 Wazee Street, Suite 300
                                       Denver, CO 80202
                                       Telephone:  (303) 565-8066
                                       Facsimile:   (303) 295-9701
                                       hbaskerville@fortislawpartners.com

                                       Attorneys for Petitioners
                                       BROOKSTONE CAPITAL MANAGEMENT, LLC
                                       and DEAN ZAYED

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2019, I caused the foregoing **PETITIONERS' RESPONSE TO ORDER TO SHOW CAUSE** to be electronically submitted with the Clerk of Court for the U.S. District Court, District of Colorado, using the Court's electronic case filing (ECF) system.

*/s/ Kevin D. Evans*
Kevin D. Evans